In re MARRIAGE OF RHONDA SCORDO, Petitioner-Appellee, and MICHAEL SCORDO, Respondent-Appellant.

Third District No. 3—88—0131

Opinion filed November 18, 1988.

Michael Scordo, of Oglesby, *pro se*, and Douglas B. Olivero, of Peru, for appellant.

Cynthia Raccuglia, of Anthony C. Raccuglia & Associates, of Peru, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The respondent, Michael Scordo, appeals from a denial of his petition to terminate maintenance and from a finding that he was in contempt of court for failure to pay maintenance. We affirm.

On June 24, 1985, the petitioner, Rhonda Scordo, filed a petition for the dissolution of her marriage to the respondent. In her petition

she alleged that the respondent was 34 years old and self-employed, and that she was 34 years old and unemployed. She also stated that three children had been born to the couple during the marriage.

After a contested hearing held on May 28, 1986, the trial judge issued a temporary order ordering the respondent to pay $250 a week for child support and maintenance, the mortgage payment on the marital residence, and certain other miscellaneous bills. Following the hearing the parties reconciled and on July 17, 1986, the order was vacated.

The petitioner reinstituted proceedings on January 21, 1987. On February 3, 1987, an agreed order was entered stating that the respondent must pay $125 a week in child support and maintenance. At a later hearing on February 20, 1987, the parties stipulated to some issues and left open the issue of child support and maintenance. The court dissolved the marriage and ordered the respondent to pay $130 a week in child support and maintenance.

At a hearing on July 13, 1987, the petitioner transferred physical custody of the children to the respondent. The court ordered the respondent to pay $100 a week in maintenance for a period of one year. On October 23, 1987, a supplemental judgment of dissolution was entered. The court ordered the respondent to pay $1,500 in unpaid maintenance dating from July 13, 1987, to the date of the hearing, $130 in unpaid child support, $266 for one-half of the petitioner's telephone bill, and certain other miscellaneous bills. The question of the permanent custody of the children and additional maintenance was set for July 13, 1988.

On November 16, 1987, the petitioner filed a petition for a rule to show cause alleging that the respondent had failed to pay the maintenance, child support, and telephone bill as ordered by the court. On December 7, 1987, the respondent filed a petition to terminate maintenance alleging that since July 13, 1987, the parties had undergone a substantial change in circumstances because the respondent had received custody of the children and the petitioner had obtained employment.

At a hearing on the petitions, the petitioner testified that she had not received the maintenance, child support, and telephone bill payments that had been ordered by the court. She stated that she presently worked in the evenings as a waitress. Her income from her job varied from $9 to $25 a week.

The petitioner further testified that she attended school five days a week from 9:30 a.m. to 2 p.m. She anticipated receiving a certificate in word processing in May of 1988. In June of 1988, she expected

to receive custody of three children from another marriage.

The petitioner did not pay a rent or mortgage expense on her residence. Her other expenses totaled approximately $532 a month. According to her financial affidavit, she owed over $2,700 in miscellaneous debts. Her home did not have hot water or a telephone because she could not pay for them and her car did not have brakes or a current license.

The respondent testified that his net income was $255 a week. In an affidavit he stated that his expenses were $1,075 per month. He stated that he has no money to pay maintenance.

The trial judge denied the respondent's petition to terminate maintenance and found him to be in wilful contempt for failure to pay maintenance. The respondent was ordered to pay a minimum of $75 a week in maintenance. He was ordered to spend five weekends in jail if he failed to do so. The judge also entered judgment for the unpaid maintenance, child support, and telephone bill but reserved the terms of payment pending petition and hearing.

The respondent first argues on appeal that the trial judge abused his discretion in denying the petition to terminate maintenance. The respondent argues that he does not have the ability to pay maintenance since receiving custody of the children and that the petitioner has the ability to support herself through employment as a waitress.

■ Maintenance may be modified only upon a showing of a substantial change in circumstances. (Ill. Rev. Stat. 1987, ch. 40, par. 510.) The factors to be considered in determining if a maintenance award should be modified include the property award of the parties seeking maintenance; the standard of living established during the marriage; the duration of the marriage; the ability of the spouse seeking maintenance to meet her needs; and the ability of the other spouse to pay. (*Faris v. Faris* (1986), 142 Ill. App. 3d 987, 492 N.E.2d 645.) One objective of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 101 *et seq.*) is to encourage a formerly dependent spouse to become financially independent in the future, if possible. *In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 461 N.E.2d 447.

■ The burden is on the moving party to allege and sustain facts showing a substantial change in the circumstances. (*Sullivan v. Sullivan* (1981), 98 Ill. App. 3d 928, 424 N.E.2d 957.) The amount of a maintenance award is a matter within the sound discretion of the trial judge and the award will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Dwan* (1982), 108 Ill. App. 3d 808, 439 N.E.2d 1005.

■ The record indicates that the respondent received custody of the children at the same time he was ordered to pay $100 a week in maintenance. Thus, he did not show a substantial change in his circumstances following the maintenance order. Additionally, it is clear that one of the purposes of the temporary maintenance order was to allow the petitioner to rehabilitate herself through schooling. We believe this was a proper purpose. Accordingly, we find that the trial judge did not abuse his discretion in denying termination of maintenance.

The respondent next argues that the trial judge erred in finding him in wilful contempt. The respondent argues that his failure to pay maintenance was not intentional but due solely to his inability to pay.

■ Evidence of noncompliance with a court order for maintenance payments establishes a *prima facie* case of civil contempt. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167.) The burden then rests on the alleged contemnor to show that his noncompliance was not wilful. (*Logston,* 103 Ill. 2d 266, 285.) A finding of contempt is a question of fact for the trial court and will not be reversed unless it is against the manifest weight of the evidence. *In re Marriage of Ramos* (1984), 126 Ill. App. 3d 391, 466 N.E.2d 1016.

■ The evidence in this case shows that the respondent earned a regular net income of $255 a week while he was under the order to pay maintenance. Nonetheless, he failed to pay any maintenance. We find that the trial judge did not abuse his discretion in finding the respondent to be in contempt.

The order of the circuit court of Bureau County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.