NOTICE

Decision filed 08/15/16. The text of this decision may be changed or corrected prior to the filing of a Petiion for Rehearing or the disposition of the same.

2016 IL App (5th) 150224

NO. 5-15-0224

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| DONALD D. COLE, | ) | Montgomery County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 13-D-30 |
| | ) | |
| BRENDA J. COLE, | ) | Honorable |
| | ) | Douglas L. Jarman, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Presiding Justice Schwarm and Justice Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    Donald D. Cole (Husband) sought to dissolve his marriage to Brenda J. Cole (Wife). The circuit court of Montgomery County entered judgment granting the dissolution of the parties' marriage and awarded Wife maintenance. Husband appeals the award of maintenance. We affirm.

¶ 2    The parties were married in May 1979 and separated in May 2009. No children were born to or adopted into the marriage, although each party had children from previous marriages. Husband is a disabled veteran, and his only income is social security

1

retirement benefits and Veterans Affairs disability compensation. His gross monthly income is $4951 plus $41 a month from a machinist's union annuity established prior to his marriage with Wife. Wife's gross monthly income is $734 social security benefits. Both parties estimated their monthly living expenses to be about $2800. Husband, age 67, has throat cancer. Wife, age 63, has tumors in her leg, foot-related issues, and a thyroid condition. She has not worked in more than 10 years and has little present earning capacity.

¶ 3   After 30 years of marriage, the parties secured a judgment of legal separation in December 2009 in Franklin County, Missouri. This judgment incorporated a stipulation and separation agreement dated October 26, 2009. Under the separation agreement, Husband paid Wife maintenance of $2200 a month plus health insurance. The maintenance was labeled in the agreement as being contractual and nonmodifiable.

¶ 4   After Husband filed a petition for dissolution of marriage, Wife responded by requesting that the terms of the judgment for legal separation be incorporated into the judgment for dissolution of marriage. The judgment for legal separation was subsequently enrolled in Montgomery County and consolidated with the dissolution case. The court heard the dissolution matter on October 24, 2014, but did not enter its judgment of dissolution of marriage until February 24, 2015. In the judgment of dissolution, the court set aside the Missouri separation agreement. The court found that the nonmodifiability of the agreement created an unconscionable economic situation for Husband, given that the agreement did not provide for modification of the amount of maintenance in the event of a decrease in Husband's income or an increase in Wife's

income. At the time of the dissolution hearing, Wife's income had increased when she started collecting social security benefits. The court still awarded Wife maintenance but reduced the amount to $2088 per month, terminable upon the death of either party or the remarriage of Wife or her cohabitation with another person on a continuing conjugal basis. Husband was also ordered to pay one half of Wife's health insurance premium until she became eligible for Medicare.

¶ 5 Husband filed a motion to reconsider contending that the court should have applied the new maintenance guidelines contained within Public Act 98-961, which amended section 504 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/504), effective January 1, 2015. Based on his calculations under the new law, Husband believes the award of Wife's maintenance should have only been $1328.49 per month. Upon denying Husband's motion, the court ruled that the new spousal maintenance formula created by Public Act 98-961 (eff. Jan. 1, 2015) (adding 750 ILCS 5/504(b-1)) did not apply here. The court noted that the new law is silent about any retroactive application. Therefore, the new law, which is substantive in nature, applies prospectively only and not retroactively. In this instance, even though the court's order was not entered until after January 1, 2015, the hearing was held and the evidence was closed on October 24, 2014, before the new law took effect.

¶ 6 On appeal, Husband contends the award of maintenance is against the manifest weight of the evidence. He first asserts that all cases pending prior to the amendatory act, but decided after the amendatory act took effect, should also apply the terms of the amended statute. He points out that the new maintenance guidelines did not change the

3

substantive nature of the maintenance statute. According to Husband, the substantive issues apply only to whether or not a person is entitled to maintenance, and the factors used to make such determinations were not changed pursuant to the amendment. Rather, the changes contained within the amendment deal solely with how much maintenance is to be paid and the time frame in which maintenance should be paid. Husband contends the amended statute was designed to provide courts with guidelines to limit inconsistencies in maintenance awards across the state, which, in the past, varied widely in the amounts and durations of maintenance ordered for people with similar incomes and similar periods of marriage. Husband points out the court's order did not impose any retroactive consequences on him as to maintenance payments he had made up until the time of the order. The court's order pertained only to maintenance payments that were to be paid after the effective date of the new enactment. Husband asserts, relying on *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 25, 25 N.E.3d 570, that the new statute does not operate retrospectively merely because it is applied in a situation arising from conduct antedating the statute's enactment. Rather, according to Husband, the new statute applies to new maintenance orders rendered after the amendment took effect. Alternatively, Husband contends, even under the old statute, the court's award of maintenance and the length of the maintenance awarded are against the manifest weight of the evidence.

¶ 7 Under the terms of the new maintenance statute, a court is to calculate 30% of the payor's gross income minus 20% of the payee's gross income as maintenance. This amount, however, cannot be more than 40% of the combined gross income of the parties.

4

Here, 30% of Husband's monthly income ($1473.09) minus 20% of Wife's income ($144.60) leaves a balance of $1328.49, which is the amount Husband contends he should have been ordered to pay Wife per month as maintenance for 36 years or permanently, subject to the termination and modification provisions of section 510 of the Act (750 ILCS 5/510 (West 2014)).  We agree with the trial court that application of the new amendments here would apply a substantive law retroactively.

¶ 8     If a new statute contains no express provision regarding its temporal reach, the court must determine whether the new statute would have retroactive effect, "keeping in mind the general principle that prospectivity is the appropriate default rule."  (Internal quotation marks omitted.)  *People ex rel. Madigan v. J.T. Einoder, Inc.*, 2015 IL 117193, ¶ 29, 28 N.E.3d 758.  Generally speaking, therefore, procedural aspects of a new law may be applied retroactively while substantive provisions may not.  *Caveney v. Bower*, 207 Ill. 2d 82, 92, 797 N.E.2d 596, 602 (2003).  A procedural change in the law prescribes a method of enforcing rights or involves pleadings, evidence, and practice, whereas a substantive change in law establishes, creates, or defines rights.  *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 442-43, 823 N.E.2d 213, 216 (2005). The new maintenance guidelines are substantive in nature because they alter the method for determining a maintenance award and address the rights underlying a dissolution proceeding.  Prior to January 1, 2015, courts calculated maintenance awards relying on a list of factors within section 504 of the Act (750 ILCS 5/504 (West 2012)).  The new version creates a formula for calculating maintenance based on the gross income of the parties and the length of the marriage, after considering the factors of the old statute to

determine whether maintenance is appropriate. The new statute requires that the same factors of the old statute are used for a different purpose, that is, to determine whether maintenance should be awarded in the first place. Awards are no longer based on the weight of the various factors. The new statute redefines an individual's right to maintenance and, therefore, is substantive. The mere fact that payments will be made in the future does not mean that a spouse's rights are not being retroactively affected.

¶ 9     Here, the marriage, separation, and dissolution hearing all occurred in 2014, before the statute took effect. All of the events that shaped the trial court's opinion in formulating its ruling occurred in 2014. The evidence was closed, and the matter had been submitted to the court for the rendering of its decision, all in 2014. The mere fact that the matter was taken under advisement but not ruled on until 2015, after the effective date of the new statute, does not warrant retroactive application of the law. The order not being handed down until after January 2015 has nothing to do with the facts of the case, yet under Husband's reasoning, this delay changes the entire maintenance determination. Applying the new formula to maintenance awards entered before the effective date would attach new legal consequences to events completed before the effective date. See Brian A. Schroeder, *The New Illinois Spousal Maintenance Law: Retroactive or Prospective?*, 103 Ill. B.J. 32 (2015). We see no difference here given that the case was essentially closed before the effective date of the new maintenance statute. The rights of the parties should be determined by the facts of the case, not by the timing of the final order.

¶ 10    Turning our attention to the actual award of maintenance ordered in this instance, we first note that the trial court has wide latitude in determining what needs are

6

reasonable. We also recognize that the court is to take into consideration the circumstances of the parties, the standard of living established during the marriage, and the duration of the marriage. *In re Marriage of Krane*, 288 Ill. App. 3d 608, 618, 681 N.E.2d 609, 616 (1997). Determining the propriety, amount, and duration of a maintenance award ultimately is within the trial court's discretion, and the court's decision will not be disturbed on appeal absent an abuse of that discretion. *In re Marriage of Shen*, 2015 IL App (1st) 130733, ¶ 80, 35 N.E.3d 1178. Considering the length of the marriage here, the gross monthly incomes of the parties, the various health conditions of both parties, and the standard of living established during the marriage, we cannot say the award of maintenance to Wife in the amount of $2088 per month constitutes an abuse of the court's discretion in this instance.

¶ 11    Husband also argues on appeal that there is no statutory authority for the court to order one spouse to provide health insurance for another spouse. The trial court's order requiring Husband to obtain health insurance for Wife, however, was within the legitimate exercise of the court's power. See *In re Marriage of Flory*, 171 Ill. App. 3d 822, 830, 525 N.E.2d 1008, 1013 (1988). We, therefore, again find no abuse of the court's discretion in this instance.

¶ 12    For the aforementioned reasons, we affirm the judgment of the circuit court of Montgomery County.


¶ 13    Affirmed.

2016 IL App (5th) 150224

NO. 5-15-0224

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| DONALD D. COLE, | ) | Montgomery County. |
| | ) | |
|     Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 13-D-30 |
| | ) | |
| BRENDA J. COLE, | ) | Honorable |
| | ) | Douglas L. Jarman, |
|     Respondent-Appellee. | ) | Judge, presiding. |

_____

**Opinion Filed:**        August 15, 2016

_____

**Justices:**        Honorable Judy L. Cates, J.

                Honorable S. Gene Schwarm, P.J., and
                Honorable James R. Moore, J.,
                Concur

_____

**Attorney**        Alan Pretnar, 510 Hillsboro Street, P.O. Box 310, Taylor Springs,
**for**            IL 62089
**Appellant**

_____

**Attorney**        Michelle L. Blackburn, Sorling Northrup, 1 N. Old State Capitol
**for**            Plaza, Suite 200, P.O. Box 5131, Springfield, IL 62705
**Appellee**

_____